**Willie STEVENSON, Plaintiff,**

v.

**KANSAS CITY, KANSAS JAIL, et al., Defendants.**

**Civ. A. No. 91-2343-L.**

United States District Court, D. Kansas.

June 5, 1992.

Willie Stevenson, pro se.

### MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

On May 25, 1992, the court filed a Notice and Order to Show Cause, directing the plaintiff to show cause in writing to this court no later than May 26, 1992, at 5:00

p.m. why his Motion for Default Judgment (Doc. # 13) should not be denied and why his complaint should not be dismissed for failure to properly make service of process. That Notice and Order to Show Cause set out the procedural facts of the case, indicating that it appeared to the court that the plaintiff had failed to comply with the court's earlier Memorandum and Order dated March 27, 1992, by not making service on the defendants. Because the plaintiff is proceeding *pro se*, the court felt it appropriate to give him one additional opportunity to show to the court any reasons why his complaint should not be dismissed under the circumstances.

As of this date, the plaintiff has made no showing to the court whatsoever in response to the Notice and Order to Show Cause. A review of the court files reveals an envelope which was returned to the clerk, which had apparently contained a copy of the Notice and Order to Show Cause which had been posted to plaintiff by certified mail but which was not picked up by the plaintiff. Written on the envelope is the notation "Escaped." The location which the plaintiff had provided to the clerk as his last address of record, 8100 Ozark Road, Kansas City, Missouri 64129, is, in fact, the file reveals, a municipal correctional institution of the city of Kansas City, Missouri. The plaintiff has not provided the court with any other address to which to provide him notice.

At this time, the court is prepared to deny the plaintiff's Motion for Default Judgment (Doc. # 13) and to dismiss the complaint for failure to make service on the defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure. Although the plaintiff apparently did not receive the Notice and Order to Show Cause, he had an ongoing duty to provide the court with an address at which he could be reached because he was proceeding *pro se* in this matter. Therefore, to the extent that the Notice and Order to Show Cause did not reach him because he had removed himself from that address, to the same extent his failure to keep the court apprised of his whereabouts, which continues to this time, has prevented the court from providing him with that notice. The plaintiff's own willful act cannot be a shield for him here and the court does not believe it is inappropriate to proceed simply because the plaintiff did not receive a copy of the Notice and Order to Show Cause under these circumstances.

As pointed out in the Notice and Order to Show Cause, the state of the record as of May 13, 1992, was that service had not been timely made under the rule. Therefore, the court would have been justified in dismissing the plaintiff's complaint at that time. Therefore, the court feels further justified in dismissing the complaint, and in overruling the motion for default judgment, at this time without regard to Mr. Stevenson's self-induced failure to receive a copy of the Notice and Order to Show Cause. The plaintiff's Motion for Default Judgment (Doc. # 13) is hereby denied and his complaint is dismissed.

IT IS SO ORDERED.